# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 50249 | **DATE** | 1/12/2012 |
| **CASE TITLE** | Blaylock vs. Hardy | | |

**DOCKET ENTRY TEXT:**

For the reasons stated below the court denies the § 2254 petition as to all claims, denies the request for an evidentiary hearing, and dismisses this cause in its entirety. Further, because there has been no substantial showing of the denial of a constitutional right, the court denies a certificate of appeal ability.

*Philip G. Reinhard*

■[ For further details see text below.]        Notices mailed by Judicial staff.

## STATEMENT - OPINION

    Demetrius Blaylock, a state prisoner, filed a petition pursuant to 28 U.S.C. § 2254, raising the following claims: (1) his trial counsel was ineffective in failing both to investigate and call five witnesses, his mother, his sister, Shihyan Wilder, Lee Thompson, and Katherine Torres; (2) his trial counsel was ineffective in failing to advise petitioner of his statutory right to a speedy trial; (3) his trial counsel was ineffective in advising petitioner not to testify; (4) his appellate counsel on direct appeal was ineffective in failing to argue that the trial court erred in denying petitioner's request to elicit information from witness Detective Forrester; and (5) his appellate counsel on direct appeal was ineffective in not arguing that the trial court erred in not allowing petitioner access to certain police reports in preparing his defense. Respondent has filed an answer in which he contends that all claims are procedurally defaulted except the claim regarding trial counsel's ineffectiveness in failing to investigate and call Thompson and Torres as witnesses. Petitioner has not filed any reply.

    Procedurally Defaulted Claims

    To obtain federal habeas corpus review, a petitioner must first submit his claim through one full round of state-court review, Johnson v. Hullett, 574 F. 3d 428, 431 (7th Cir. 2009), either on direct appeal of his conviction or in post-conviction proceedings, Lewis v. Sternes, 390 F. 3d 1019, 1025 (7th Cir. 2004). This means a petitioner must raise the claim at each and every level in the state-court system, including review that is discretionary rather than mandatory. Lewis, 390 F. 3d at 1025-26. To satisfy this requirement, a petitioner must have fairly presented the substance of his claims to the state courts by articulating both the operative facts and applicable law that he claims entitle him to relief. Johnson, 574 F. 3d at 431.

    The consequence for failing to fully and fairly present a claim to the state courts is procedural default. Johnson, 574 F. 3d at 431. A defaulted claim may be considered only if the petitioner can establish cause and prejudice for the default or that the failure to consider the claim will result in a fundamental miscarriage of justice. Johnson, 574 F. 3d at 431.

    In this case, the claim that trial counsel was ineffective in failing to investigate or call certain witnesses is procedurally defaulted as it relates to the failure to investigate or call petitioner's mother, his sister, or Wilder. This claim as to these three witnesses was not raised in petitioner's petition for leave to appeal (PLA) to the Illinois Supreme Court in his direct appeal, nor did he raise it in any of his post-conviction proceedings. Because it was not fully and fairly presented to all levels of the state courts, it is barred in this habeas corpus proceeding.[1]

    The claims that trial counsel was ineffective in failing to advise petitioner of his statutory speedy trial right and

in advising him not to testify are also procedurally defaulted. While petitioner did raise these claims in a post-conviction petition, he did not raise them in his initial appeal from the denial of the post-conviction petition or in a PLA. Nor were these claims raised on direct appeal or in any other post-conviction proceeding. Thus, neither claim can be raised in this proceeding.

Petitioner's claims that his appellate counsel was ineffective on direct appeal for not arguing that the trial court erred in denying his request to elicit information from Detective Forrester and to access certain police reports are likewise procedurally defaulted. While petitioner did attempt to raise these claims in a successive post-conviction petition, he was barred from doing so by the trial court, and the appellate court affirmed. Subsequently, he did not file a PLA from the appellate court decision. Nor did he ever raise either claim in any other post-conviction proceeding. Therefore, because he did not present the claims through one complete round of state-court review, they are procedurally defaulted here.[2]

Petitioner has not acknowledged any of these procedural defaults. Nor has he contended that any of them should be excused by any cause and prejudice or that a fundamental miscarriage of justice will result if they are not considered. Further, the court is not aware of any fundamental miscarriage of justice that will result if any of these claims are not considered on its merits. Accordingly, the court finds all of the foregoing claims barred in this habeas corpus proceeding.

Merits of Remaining Claim

When a state court actually adjudicates a petitioner's claim on its merits, a federal habeas court may grant relief only when the state court's ruling resulted in a decision that is contrary to or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States, or resulted in a decision that is based on an unreasonable determination of the facts in light of the evidence presented in the state-court proceeding. Sussman v. Jenkins, 636 F. 3d 329, 349 (7th Cir. 2011).

To prevail on an ineffective assistance of counsel claim, a petitioner must demonstrate that counsel's performance fell outside the wide range of professionally competent assistance and that there is a reasonable probability that but for counsel's unprofessional errors the result of the proceeding would have been different. Sussman, 636 F. 3d at 349 (citing Strickland v. Washington, 466 U.S. 668 (1984)). Because an ineffective assistance of counsel claim can function as a way to escape rules of waiver and forfeiture and raise issues not presented at trial, the standard under Strickland must be applied with scrupulous care to prevent intrusive post-trial inquiry from threatening the integrity of the very adversary process the right to counsel is meant to serve. Sussman, 636 F. 3d at 349. To satisfy the deficiency component of Strickland, a petitioner must show that counsel's performance fell below an objective standard of reasonableness. Sussman, 636 F. 3d at 349. That means identifying acts or omissions of counsel that could not be the result of professional judgment. Sussman, 636 F. 3d at 349. The review of counsel's performance is highly deferential and the petitioner is required to overcome the presumption that, under the circumstances, the challenged action or omission might be considered sound trial strategy. Sussman, 636 F. 3d at 350.

Keeping this presumption in mind, a reviewing court must reconstruct the circumstances surrounding the challenged attorney conduct and determine whether they were reasonable. Foster v. Schomig, 223 F. 3d 626, 631 (7th Cir. 2000). This determination must not be distorted by hindsight, but rather, be evaluated from counsel's perspective at the time the relevant decision was made. Foster, 223 F. 3d at 631. A defense attorney's performance is acceptable when he chooses a professionally competent strategy that secures for the accused the benefit of an adversarial process. Foster, 223 F. 3d at 631. Certainly the decision whether or not to call a witness to testify can be a strategic one. Foster, 223 F. 3d at 631. Such a decision is sound if it is based on the attorney's determination that the testimony the witness would give might on balance harm rather than help the defendant. Foster, 223 F. 3d at 631.

Here, the Illinois Appellate Court considered the ineffective assistance of trial counsel claim as to whether trial counsel investigated each potential witness and the decision not to call either Thompson or Torres and rejected both contentions on the merits. See People v. Blaylock, 02-08-0110, Unpublished Order Under Illinois Supreme Court Rule 23 (Jan. 15, 2010). The appellate court concluded that trial counsel had considered calling both potential witnesses and was therefore not ineffective for having failed to investigate each witness. This conclusion was supported by ample evidence in the record that trial counsel was aware of both witnesses and had considered their pretrial interviews. Because this determination was not an unreasonable application of clearly established Supreme Court law, the claim is rejected here to the extent petitioner contends that his trial counsel was ineffective because he never investigated Thompson or Torres as potential witnesses.[3]

The remaining and related contention, that trial counsel was ineffective in deciding not to call either Thompson

**STATEMENT - OPINION**

or Torres as witnesses, was also rejected by the appellate court. In doing so, the appellate court held that trial counsel's decision not to call either witness was a matter of sound trial strategy. This conclusion was not unreasonable under Strickland considering, as pointed out by the appellate court, there were pluses and minuses to calling these witnesses and that it was evident that trial counsel made a considered decision that the negatives outweighed the positives. This court agrees with the appellate court that such a decision is a classic example of trial strategy. Thus, the conclusion of the appellate court in that regard was reasonable under Strickland. Accordingly, the claim of ineffective assistance of trial counsel based on his decision not to call either Thompson or Torres is without merit.

     For the foregoing reasons, the court denies the § 2254 petition as to all claims, denies the request for an evidentiary hearing, and dismisses this cause in its entirety. Further, because there has been no substantial showing of the denial of a constitutional right, the court denies a certificate of appealability. See Rule 11(a) of The Rules Governing Section 2254 Cases; 28 U.S.C. § 2253(b); Fed. R. App. P. 22(b).

1. The claim that trial counsel was ineffective in failing to investigate and call as witnesses Thompson and Torres was fully and fairly presented and as such the court will address the merits of that claim later in this order.

2. It is also arguable that these two claims are procedurally defaulted because they were denied on an independent and adequate state ground, that being the procedural inappropriateness of bringing the claims in a successive post-conviction proceeding. See Duncan v. Hathaway, 740 F. Supp. 2d 940, 948 (N.D. Ill 2010); Shotts v. Evans, 2010 WL 1257791, * 6 (S.D. Ill. Mar. 26, 2010).

3. Nor was the appellate court's factual determination unreasonable in light of the trial court record.